UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GATOR JAMES MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-11774** |
| **SGT. T. KAYO** | **SECTION: "F"(1)** |

## REPORT AND RECOMMENDATION

Gator James Mitchell, a state prisoner, filed this federal civil rights complaint pursuant to 42 U.S.C. § 1983 against Sergeant T. Kayo. In this lawsuit, plaintiff claims that the personal property taken from him when he was arrested cannot now be found. As relief, he requests $100,000 in monetary damages.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

In this lawsuit, plaintiff states his claim as follows:

When I was arrested on the 8th day of Feb 16 AD I had $500.00 in cash, a watch, white gold chain, 2 wedding bands and a very expensive jacket. When I asked, they can't find any of my stuff. But offered me $25.00 dollars for everything and my inconvenience.

In the instant case, it is unclear whether plaintiff is contending that his property was stolen by prison officials or merely lost. Nevertheless, any claim concerning his personal property must be dismissed, because such claims simply are not cognizable in federal court for the following reasons.

In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, negligently deprives a prisoner of his property, there is no due process violation if the state provides an adequate postdeprivation remedy. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to intentional deprivations of property. In Daniels v. Williams, 474 U.S. 327 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process Clause at all.

Therefore, it is of no consequence whether plaintiff is alleging that he was deprived of his property through negligence or an intentional act, because "in neither instance does he state a valid § 1983 action for deprivation of property." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). If plaintiff is claiming negligence, his claim is barred by Daniels. If he is claiming intentional conduct, the claim is barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy, i.e. a tort suit brought in state court. Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Bennett v. Louisiana Department of Public Safety and Corrections, No. 02-30593, 2003 WL 1109690 (5th Cir. Feb. 19, 2003); Arnold v. Inmate Accounts, No. 02-

30219, 2002 WL 31017153 (5th Cir. Aug. 20, 2002); Odom v. St. Tammany Parish S.O., Civ. Action No. 09-0109, 2009 WL 1147925, at *3 (E.D. La. Apr. 28, 2009).  Accordingly, plaintiff may not pursue his claim in this federal forum.  If he wishes to assert a claim for his property, he may do so only in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claim be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-sixth day of July, 2016.

SALLY SHUSHAN
**UNITED STATES MAGISTRATE JUDGE**